UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

QUENTIN D. HOLLOWAY,

    Petitioner,

v.                                     CASE NO. 6:16-cv-699-Orl-28KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This cause is before the Court on a Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 10) in accordance with this Court's instructions. Petitioner filed a Reply to the Response. ("Reply," Doc. 12).

Petitioner alleges one claim for relief in the Petition, that trial counsel was ineffective for waiving his speedy trial rights. For the reasons set forth herein, the Petition is due to be denied.

### I.    Procedural History

Petitioner was charged by information with aggravated battery. (Doc. 10-1 at 5). On July 13, 2011, Petitioner entered a no contest plea to the lesser included offense of felony battery in exchange for a four-year term of probation. (*Id.* at 7). Petitioner did not appeal. An affidavit of violation of probation was filed on March 8, 2013. (*Id.* at 18). After an amended affidavit of violation of probation was filed, the trial court found Petitioner had

violated his probation and modified his term of probation to community control. (*Id.* at 20-24). On November 23, 2013, an affidavit of violation of community control was filed. (*Id.* at 26-27). Petitioner's probation officer filed an amended affidavit on January 22, 2014. (*Id.* at 29-30). After a hearing, the trial court determined that Petitioner violated the terms of his community control. (*Id.* at 32). The trial court sentenced Petitioner to a sixty-month term of imprisonment. (*Id.* at 38-40). Petitioner did not appeal.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 43-48). The trial court summarily denied the motion. (*Id.* at 51-52). Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. (*Id.* at 56).

Petitioner subsequently filed a motion for reduction or mitigation of his sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure. (*Id.* at 60-62). The trial court dismissed the motion as untimely. (*Id.* at 66). Petitioner did not appeal. Petitioner also filed a motion for jail credit pursuant to Rule 3.801 of the Florida Rules of Criminal Procedure. (*Id.* at 68-71). The trial denied the motion. (*Id.* at 75-76). Petitioner did not appeal.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per*

3

*curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  **Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

Petitioner alleges that trial counsel was ineffective for waiving his speedy trial rights. (Doc. 1 at 5). In support of this claim, Petitioner states that his violation of community control hearing did not occur within 180 days from the date of his arrest. (*Id.* at 6). Petitioner states that his attorney did not have the authority to waive his speedy trial rights without his express knowledge and consent. (*Id.*).

Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied the claim pursuant to *Strickland*, concluding counsel had no basis to file a Notice

5

of Expiration of Speedy Trial Time because the right to a speedy trial does not apply to revocation of probation. (Doc. 10-1 at 51). The Fifth DCA affirmed *per curiam*. (*Id.* at 56).

Rule 3.191(a) of the Florida Rules of Criminal Procedure provides that a person charged with a felony must be brought to trial within 175 days of arrest. However, Florida courts have held Rule 3.191(a) does not apply to revocation of probation or community control proceedings. *See Piz v. State*, 826 So. 2d 1063, 1063-64 (Fla. 2d DCA 2002) (citing *Gonzalez v. State*, 447 So. 2d 381 (Fla. 3d DCA 1984)) (stating that "the speedy trial rule is inapplicable to violations of probation."); *see also Boobyyyaa v. Sec'y, Dep't of Corr.*, No. 8:13-cv-1301-T-23TGW, 2016 WL 853135, at *20 (M.D. Fla. Mar. 4, 2016) (denying an ineffective assistance of counsel claim based on an alleged violation of speedy trial, noting that in Florida, speedy trial rules do not apply to revocation of probation proceedings).

Petitioner has not demonstrated that he is entitled to relief on his claim. Petitioner did not have a right to speedy trial because under state law, Rule 3.191 is inapplicable to revocation of community control proceedings. Thus, counsel was not deficient for waiving these rights or by failing to raise the issue because there was no basis to demand a speedy trial. Consequently, Petitioner fails to demonstrate deficient performance on the part of counsel or that prejudice has resulted. The state court's denial of this claim was neither contrary to, nor an unreasonable application of, *Strickland*. Accordingly, claim one is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (*Id.*); *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 29 day of September, 2017.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Unrepresented Party